**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN S. TENNIAL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11 C 3092** |
| | ) | |
| **LISA MADIGAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff John S. Tennial (Tennial) alleges that he is currently employed as a staff assistant by Defendant Office of the Illinois Attorney General (AG's Office). Tennial also alleges that the AG's Office has failed to promote him to the position of sworn enforcement investigator because of his race. In addition, Tennial alleges that in November 2010, he sought pension benefits through the Illinois State Police

1

Pension Fund (Pension Benefits) based on his prior service as an investigator for the AG's Office. According to Tennial, after he submitted certain documentation, an employee with the State Retirement System indicated to Tennial that he was eligible to receive Pension Benefits, subject to approval by the AG's Office. The AG's Office allegedly refused to approve the payment of Pension Benefits to Tennial. Thereafter, Tennial allegedly communicated his intention to file a charge of discrimination with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC). Tennial alleges that shortly after he communicated his intention to file a charge of discrimination against the AG's Office, he was investigated in connection with a sexual harassment complaint filed against him by a co-worker.

In the instant action, Tennial has brought claims against Defendant State of Illinois, Defendant Attorney General Lisa Madigan (Madigan) in her official capacitiy, the AG's Office, and in their individual capacities, Defendant Roger P. Flahaven (Flahaven), Madigan, Spillane, Bazer, Mehan, Saltourn, McConnell, and Barnes (collectively, the "Individually Named Defendants"), alleging that Tennial was discriminated against and retaliated against in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981 (Section 1981). Defendants have moved to dismiss all claims in the complaint.

2

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations

contained in a complaint" and make reasonable inferences in favor of the plaintiff.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable

to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750,

753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting

in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that

contains factual allegations that are "merely consistent with a defendant's liability

. . . stops short of the line between possibility and plausibility of entitlement to

relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Since Tennial is proceeding *pro se*, in ruling on the instant motion to dismiss,

the court must consider the facts alleged by Tennial in both his original and amended

complaint, as well as any other consistent facts that Tennial has presented in his

filings. *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997). In addition,

since Tennial is proceeding *pro se*, the court must liberally construe Tennial's filings.

*McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se*

complaints are to be liberally construed and not held to the stringent standards

expected of pleadings drafted by lawyers"). Defendants argue that the instant action

should be dismissed because Tennial provided inaccurate information regarding his

salary on his *in forma pauperis* application form and because Tennial has failed to

state a claim upon which relief can be granted. Defendants also argue that any

request for punitive damages should be stricken.

In the first instance, Defendants argue that the instant action should be

dismissed because Tennial made false representations to the court regarding his

financial status on his *in forma pauperis* application form. Pursuant to 28 U.S.C. §

1915(e)(2)(A) (Section 1915), which governs proceedings *in forma pauperis*,

dismissal of an action is required "at any time if the court determines that the

allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). On his *in forma*

*pauperis* application form, Tennial indicated that his monthly salary was $3,600.00.

Defendants presented evidence showing that Tennial's salary was actually $4,511.00

4

per month.  In response, Tennial has attempted to explain the discrepancy by indicating to the court that he merely estimated his net salary when completing his *in forma pauperis* application form.  The Defendants then challenged Tennial's explanation by pointing out to the court that Tennial's net salary is $2,432.84 per month, which is approximately $1,200 a month different than the amount Tennial indicated on his form.  Tennial's explanation that he was merely estimating the amount of his salary is unpersuasive, especially in light of the fact that Tennial claims to be an experienced former investigator.  In addition, the *in forma pauperis* application form clearly asked Tennial to provide the amount of his monthly salary and not what Tennial believed his monthly salary to be after certain expenses. Tennial indicated a lower salary in order to succeed on his *in forma pauperis* application form, and after the fact, Tennial has unsuccessfully attempted to explain away his misrepresentation.  Based on the above facts, Tennial clearly provided false information as to his monthly salary to the court.

In addition, Tennial indicated on his *in forma pauperis application* form that he is married, but Tennial failed to respond to the questions on the form relating to his wife's employment.  However, Tennial indicated later on the *in forma pauperis* application form that he and his wife own an automobile and that the monthly

5

payments of $490.00 are made by his wife. Thus, on his *in forma pauperis* application form, Tennial also made misrepresentations to the court by omissions relating to his wife's income.

The Seventh Circuit indicated in *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000), that mandatory dismissal under Section 1915 is only appropriate if a plaintiff has been granted *in forma pauperis* status. *Id.* However, subsequently, the Seventh Circuit indicated that "[w]hether the false statements actually result in a grant of in forma pauperis status or other relief is irrelevant under § 1915(e)(2)(A)." *McRoyal v. Commonwealth Edison Co.*, 2008 WL 345345, at *2 (7th Cir. 2008)(unpublished)(also stating that "the wrongful act of making false statements to the court is always harmful"); *see also Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002)(stating, without addressing the plaintiff's IFP status, that "[b]ecause the allegation of poverty was false, the suit had to be dismissed; the judge had no choice" and discussing legal standards applied to a dismissal with prejudice). The court in the instant action denied Tennial's motion to proceed *in forma pauperis* because Tennial failed to properly complete his application. Now evidence has been presented showing that Tennial purposefully submitted false information to the court on his *in forma*

6

*pauperis* application form. Therefore, the instant action must be dismissed. The question is whether the dismissal will be with or without prejudice.

Providing accurate information as to an individual's salary or income is critical to proper adjudication of an *in forma pauperis* application. When an individual has a legal claim, but is unable to file such claim in court due to the cost of filing the action, proceeding *in forma pauperis* provides that individual access to the courts. It is imperative that the system not be abused and that applicants provide accurate information on their *in forma pauperis* application form, because in a vast majority of cases, adjudication of an *in forma pauperis* application occurs before the opposing party has been served and such party therefore will not have an opportunity to challenge the facts provided by the applicant. In addition, even if the opposing party has an opportunity to challenge the facts provided by the applicant, the opposing party generally might not have the relevant information to challenge the applicant's statements on the *in forma pauperis* application form.

The court is mindful that some *pro se* plaintiffs might make an honest error when completing the *in forma pauperis* application form. However, in this case, one or more of the Defendants, being the employer of the applicant, was able to challenge the accuracy of Tennial's *in forma pauperis* application form. Also, in this

case, Tennial who has a decent income, was attempting to proceed *in forma pauperis*, and there is a significant discrepancy between the amount Tennial claimed and the actual amount of his salary, whether compared to his gross income or his net income. As noted above, Tennial, who claims to be an experienced former investigator, should know what his monthly salary is, whether gross or net. In addition, Tennial signed a declaration under penalty of perjury stating that the information he provided to the court on his *in forma pauperis* application form was true and correct. Once again, as a former investigator and a current staff member of the AG's Office who claims he is still qualified for a position as an investigator in the AG's Office, Tennial should know that such a declaration is not mere words, but carries with it serious consequences if the information provided is false. *See Thomas*, 288 F.3d at 306-07 (stating that "[d]ismissal with prejudice may [be] the only feasible sanction for this perjury designed to defraud the government[, since d]ismissal without prejudice would [be] no sanction at all"). The court finds that Tennial's misrepresentations to the court and omissions on his *in forma pauperis* application form relating to his financial status were significant. Therefore, Defendants' motion to dismiss with prejudice is granted. Having dismissed the instant action, the court need not consider Defendants' other arguments in support of

8

their motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, the court grants the motion to dismiss.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   January 30, 2012