# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3092 | **DATE** | 3/21/2012 |
| **CASE TITLE** | John E Tennial vs. Lisa Madigan , et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [30] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    This matter is before the court on Plaintiff John S. Tennial's (Tennial) *pro se* motion to reverse judgment. Since Tennial is proceeding *pro se*, the court has liberally construed the motion as a motion to reconsider brought pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)). *See, e.g., Bennett v. Gaetz*, 592 F.3d 786, 790 (7th Cir. 2010). On January 30, 2012, the court granted Defendants' motion to dismiss the instant action after finding that Tennial had deliberately made misrepresentations regarding his financial status on his *in forma pauperis* application form. Tennial requests that the court reconsider its ruling.

    Pursuant to Rule 60(b),

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because

**STATEMENT**

"[r]elief under Rule 60(b) is an extraordinary remedy. . . ." *Id.* at 762 (internal quotations omitted)(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)(stating that "relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances'")(quoting in part *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

In the instant motion, Tennial attempts to explain the discrepancies between his true financial status and the information he provided to the court on his *in forma pauperis* application form. However, as the court noted in its earlier ruling, Tennial represented to this court that he was formerly an experienced investigator for the Illinois Attorney General. In addition, the facts indicate that Tennial currently works in the Illinois Attorney General's Office. Based on such facts, Tennial should have known his own salary. Even more significantly, Tennial should have known the importance of providing completely accurate information to the court, especially since he swore under penalty of perjury that the information he provided was true and correct. Tennial's claim that he estimated his income when completing his *in forma pauperis* application form and Tennial's purported reasons for omitting information relating to wife's income and assets are unpersuasive.

In addition, Tennial intimates in the instant motion that there has been some sort of misconduct by the Illinois Attorney General's Office relating to the dismissal of the instant action. However, Tennial cannot blame the Illinois Attorney General's Office for his own misdeeds. Tennial's misrepresentations to the court on his *in forma pauperis* application form were made knowingly and were material and significant. Moreover, at no time prior to the briefing on the motion to dismiss did Tennial make any attempt to withdraw those misrepresentations. Instead, Tennial merely paid the filing fee after this court had properly denied his motion for leave to proceed *in forma pauperis*. Tennial has not shown that the court erred in dismissing the instant action and has not shown that exceptional circumstances exist that warrant vacating the dismissal in this case. Therefore, the motion for reconsideration is denied.